**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10331

————————————

In Re: AEGIS ASSET MANAGEMENT, LLC,

*Debtor.*

————————————————————————

BAY UNITED HOLDINGS, LLC.,

*Plaintiff-Appellant,*

*versus*

INXS 7, LLC,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-02370-KKM

————————————

Before NEWSOM, LUCK, and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

This case asks whether, in the bankruptcy context, a creditor must show it has the right to enforce its claim. For obvious reasons, the answer is yes.

## I. BACKGROUND

Aegis Asset Management, LLC, filed for Chapter 11 bankruptcy on August 26, 2019. The bankruptcy was converted to Chapter 7 on October 17 of that year. The Chapter 7 trustee later identified numerous parcels of real property that Aegis had transferred to entities affiliated with Aegis for no consideration. He filed an adversary proceeding against those entities, arguing that the properties had been fraudulently transferred to them. The parties settled, agreeing that the properties would be treated as assets of the bankruptcy estate and that 68 parcels would be sold free and clear of liens, claims, and interests.

On February 25, 2021, the trustee filed a motion in Bankruptcy Court to approve the settlement agreement in the adversary proceeding and approve the sale of the subject properties free and clear of all liens, claims, and interests pursuant to 11 U.S.C. § 363(f). The trustee served the motion on all parties in interest, including, as relevant here, Margaret Mitchell; Bob Mitchell Associates, Inc.; and Cloud 9 Properties, LLC. The Court granted the motion on March 29, 2021. It approved the sale of the properties to INXS VII, LLC; ordered that all liens, claims, and interests would attach to the sale proceeds; and ordered that any claims against the sale proceeds must be filed within thirty days.

Cloud 9 filed three claims, one for each of three properties, on April 28, 2021.[1] These were Claim 100, Claim 101, and Claim 102. For each proof of claim, Cloud 9 attached the corresponding property's payoff letter and mortgage. The mortgagee listed for the Claim 100 property was Margaret Mitchell, and the mortgagee listed for the other two properties was Bob Mitchell Associates.

INXS VII objected to all three of Cloud 9's claims on November 2, 2022, because the proofs of claim did not include promissory notes or other evidence of debt owed to Cloud 9. Cloud 9 responded by filing the promissory notes related to each claim. As with the mortgages, the note for the Claim 100 property was payable to Margaret Mitchell, and the notes for the other two properties were payable to Bob Mitchell Associates. INXS VII filed a motion for summary judgment on its objections. It explained that Cloud 9 did not show it owned the notes on April 28, 2021, the date it filed its claims. Therefore, based on cases dealing with foreclosure standing, Cloud 9 lacked standing to bring its claims, and its claims should be disallowed in their entirety. As support for its motion, INXS VII attached documents showing that the note related

---

[1] April 28, 2021, was the last day to file claims against the sale proceeds.

to Claim 100 transferred from Margaret Mitchell to Margaret's estate upon her death on March 11, 2022, and that the notes related to Claims 101 and 102 transferred to Cloud 9 on March 14, 2023.[2]

On August 9, 2023, Cloud 9 assigned its claims in this suit to Bay United Holdings, LLC.[3] On that same day, Bay United filed a response and objection to INXS VII's summary judgment motion. It stated that the evidence showed Cloud 9 held the mortgages and notes and that no one contested the debts existed. The Bankruptcy Court held a hearing on the issue on September 1, 2023. In this hearing, the Bankruptcy Court stated that it would grant summary judgment to INXS VII on Claims 101 and 102, because the evidence showed Cloud 9 did not own the corresponding notes until March 14, 2023. However, the Bankruptcy Court gave Bay United seven days to file additional evidence from the county public records related to Claim 100, because there was no evidence of when Cloud 9 came to own that note.

Bay United did not file the requested public records evidence for Claim 100. Instead, it filed two affidavits discussing the mortgages and notes for each claim. The first affidavit was by the attorney who did estate planning for Margaret Mitchell. He explained

---

[2] Bob Mitchell Associates assigned its notes to Joseph Quinn Mitchell on February 27, 2023. Joseph assigned the notes to himself and Larry Michael Rushing on March 14, 2023. On that same day, the two men assigned the notes to Cloud 9.

[3] Bay United and Cloud 9 used the wrong form for the transfer of claims, but the parties to this suit do not challenge the validity of the transfer.

that Margaret Mitchell was the sole owner of Bob Mitchell Associates and Cloud 9. Joseph Quinn Mitchell, president of Cloud 9,[4] was Margaret's son, personal representative, and trustee. He also had durable power of attorney over Margaret. In December 2015, the attorney helped Margaret assign multiple mortgages and notes from Bob Mitchell Associates to Cloud 9 and from herself to Cloud 9. The attorney believed Margaret meant to include the mortgages and notes related to Claims 100, 101, and 102 in the assignment but failed to provide them to him when he prepared the transfer documents. The attorney also believed that Joseph thought Cloud 9 held all the necessary notes and mortgages when he filed Claims 100, 101, and 102 in Cloud 9's name. Finally, the attorney stated that all three mortgages and notes transferred to Cloud 9 on March 14, 2023.[5] The second affidavit was by Aegis's representative; it stated that the relevant mortgages and notes "have always been in the Mitchell family."

Though the affidavits provided background information for why the claims here were improperly filed, they did not provide

---

[4] Though not stated in the affidavit, Joseph was president of Bob Mitchell Associates as well.

[5] The attorney's description of the transfers related to Claim 101 and 102 aligned with the documents INXS VII included with its summary judgment motion. His description for Claim 100 added that at some point during the probate of Margaret Mitchell's will, the note and mortgage for the property transferred from Margaret's estate to her revocable trust. The note and mortgage then transferred from the trust to Cloud 9 on March 14, 2023. Bay United did not provide any documents showing that these transfers actually occurred.

evidence that the note for Claim 100 was transferred to Cloud 9 by April 28, 2021. The Bankruptcy Court granted summary judgment for INXS VII on its objections to all three of Cloud 9's claims, disallowing all three claims in their entirety. The Bankruptcy Court explained that, because Cloud 9 did not have an interest in the promissory notes and mortgages at the time it filed the claims, the claims were not timely filed. As such, the properties were sold to INXS VII free and clear.

Bay United appealed to the District Court. It argued that there was no dispute that the mortgages existed, that disallowing their claims invalidated bona fide mortgages, and that cases concerning foreclosure standing were improper bases for invalidating mortgages in the bankruptcy context. Bay United also argued that the claims were timely filed, that the person who filed them had "full authority" to do so, and that there were no other claims filed against the sales in question. It characterized the specific ownership of the notes as a "technicality" and "scrivener's error" and stated that disallowing the claims created an unwarranted windfall for INXS VII.

The District Court affirmed the Bankruptcy Court's ruling, explaining that claimed rights to payment must be enforceable when filed, that only one with the right to payment may lawfully enforce it, and that Bay United provided no evidence Cloud 9 had enforceable rights to payment when it filed its claims. Bay United

now appeals to this Court, repeating the arguments it made to the District Court.[6]

## II. DISCUSSION

We review de novo a grant of summary judgment. *In re Club Assocs.*, 951 F.2d 1223, 1229 (11th Cir. 1992); *see also In re Nash*, 765 F.2d 1410, 1412 (9th Cir. 1985) ("The bankruptcy court's grant of summary judgment, affirmed by the district court, is subject to *de*

---

[6] Bay United states fleetingly in its initial brief on appeal and in slightly more detail in its reply brief that INXS VII did not have statutory standing to object to Cloud 9's claims in the first place. *See* 11 U.S.C. § 502(a). Cloud 9 did not make this argument when INXS VII first objected to its claims, and Bay United wrote only two sentences on the issue when it objected to INXS VII's motion for summary judgment. The statutory standing issue is not preserved or even properly argued now, so we will not consider it. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4, 134 S. Ct. 1377, 1387 n.4 (2014) (explaining that the "statutory standing" label is a bit of a misnomer because (1) the question is really whether a plaintiff has a cause of action and (2) "the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction"); *In re White-Lett*, No. 24-13053, 2025 WL 2528783, at *2 (11th Cir. Sept. 3, 2025) ("But as the Supreme Court has explained, the question of whether a statute creates a cause of action 'does not implicate' subject matter jurisdiction or answer whether a court has 'constitutional *power* to adjudicate the case.'" (quoting *Lexmark*, 572 U.S. at 128 n.4, 134 S. Ct. at 1387 n.4)); *In re Espino*, 806 F.2d 1001, 1002 (11th Cir. 1986) (finding that an issue "never properly presented to the bankruptcy court . . . was not preserved for appeal"); *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (explaining that appellants must, "[a]t the very least, . . . devote a discrete, substantial portion of his argumentation" to the issue they wish to appeal, otherwise the issue is abandoned). We similarly will not consider Bay United's assertion on appeal that Cloud 9 was the servicer of the mortgages and could, thus, file the claims because it did not make this argument below. *See In re Espino*, 806 F.2d at 1002.

*novo* review."). The summary judgment "will be upheld only if everything in the record indicates that there is no genuine dispute over the material facts, and that the moving party is entitled to judgment as a matter of law." *In re Club Assocs.*, 951 F.2d at 1229 (citation modified).

In bankruptcy, when an entity's claim for payment is based on a writing, the entity must attach a copy of the writing to its proof of claim. Fed. R. Bankr. P. 3001(c)(1). The proof of claim, filed in compliance with the bankruptcy rules, is presumed valid until a party in interest objects. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f); *see also In re Taylor*, 363 B.R. 303, 308 (Bankr. M.D. Fla. 2007); *In re Armstrong*, 320 B.R. 97, 104 (Bankr. N.D. Tex. 2005). The objection must contain "some substantial factual basis to support its allegation of impropriety," *Matter of Mobile Steel Co.*, 563 F.2d 692, 701 (5th Cir. 1977)[7]—"evidence at least equal in probative force to that offered by the proof of claim" that "refute[s] at least one of the allegations that is essential to the claim's legal sufficiency." *In re Taylor*, 363 B.R. at 308 (citation modified); *In re Armstrong*, 320 B.R. at 104 (citation modified). Proper objections include "specific and detailed allegations that place the claim into dispute" and "legal arguments[,] based upon the contents of the claim and its supporting documents[,] in which evidence is presented to bring the validity of the claim into question." *In re Taylor*, 363 B.R.

---

[7] The Eleventh Circuit adopted as binding precedent all decisions "handed down by [the Fifth Circuit] prior to the close of business on [September 30, 1981]." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

at 308 (citation modified); *In re Armstrong*, 320 B.R. at 104 (citation modified); *see also In re Thornburg*, 596 B.R. 766, 769 (Bankr. M.D. Fla. 2018) (explaining that a claim does not have prima facie validity without "minimal supporting documentation"). Where a proper objection is made, the entity asserting the claim loses the presumption of validity and instead must establish the validity of its claim. *Matter of Mobile Steel Co.*, 563 F.2d at 701; *In re Taylor*, 363 B.R. at 308; *In re Armstrong*, 320 B.R. at 104. If the entity fails to meet that burden, its claim is properly disallowed. *In re Taylor*, 363 B.R. at 308.

State law governs the validity of a claim in bankruptcy, *Butner v. United States,* 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979); *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20, 120 S. Ct. 1951, 1955 (2000), and a claim is not allowed in bankruptcy "if the same claim would not be enforceable . . . outside of bankruptcy." *In re Sanford*, 979 F.2d 1511, 1513 (11th Cir. 1992); *see also* 11 U.S.C. § 502(b)(1). Outside of bankruptcy, a note attached to a mortgage is enforced by foreclosing on that mortgage. *In re Venice-Oxford Assocs. Ltd. P'ship*, 236 B.R. 791, 803 (Bankr. M.D. Fla. 1998). As such, Florida's requirements to enforce a note via foreclosure action must extend to its requirements to enforce a note via bankruptcy claim.

In Florida, a party must be the owner or holder of a note to foreclose on the property attached to it. *Sorrell v. U.S. Bank Nat. Ass'n*, 198 So. 3d 845, 847 (Fla. Dist. Ct. App. 2016); *Forty One Yellow, LLC v. Escalona*, 305 So. 3d 782, 786 (Fla. Dist. Ct. App. 2020). Therefore, a party must also be the owner or holder of a note to file a

claim based on it in bankruptcy, and a party has no claim before it owns the note.[8]

With this made clear, it becomes obvious that a proof of claim must show the debt is owed to the claimant at the time it files the claim. Where the proof of claim lacks that evidence, an objection is appropriate. If the claimant does not then provide that evidence, the claim is properly disallowed.

---

[8] We reject Bay United's appeals to equity here. Though bankruptcy courts are courts of equity, they "are not authorized in the name of equity to make wholesale substitution of underlying law controlling the validity of creditors' entitlements." *Raleigh*, 530 U.S. at 24–25, 120 S. Ct. at 1957. The underlying law here is that a party must own a note before it is entitled to enforce it. *Sorrell v. U.S. Bank Nat. Ass'n*, 198 So. 3d 845, 847 (Fla. Dist. Ct. App. 2016); *Forty One Yellow, LLC v. Escalona*, 305 So. 3d 782, 786 (Fla. Dist. Ct. App. 2020). We cannot look past that.

Even if we could, Bay United gives no good reason why we should. The bankruptcy court's equitable powers allow it to "reorder distributions from the bankruptcy estate . . . for the sake of treating *legitimate claimants* to the estate equitably," *Raleigh*, 530 U.S. at 24, 120 S. Ct. at 1957 (emphasis added), and Cloud 9 was simply not a legitimate claimant here. Regardless of family connections, Cloud 9, Bob Mitchell Associates, and Margaret Mitchell are, legally speaking, strangers. *See* Fla. Stat. § 605.0108(1) ("A limited liability company is an entity distinct from its members."); *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008) ("A general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them."). In other words, the claims owned by one of them are not owned by the others. And it goes without saying that one entity cannot assert another's claims simply because the other entity failed to file the claims itself. Our system would surely devolve into chaos if we allowed that.

25-10331                Opinion of the Court                11

Cloud 9's proofs of claim showed no evidence of debts owed to Cloud 9 on the date it filed its claims. Therefore, INXS VII's objections on that ground were proper. Cloud 9 then failed to provide the evidence required. The Bankruptcy Court was right to disallow Cloud 9's claims in their entirety, and the District Court was right to affirm.[9]

### III. CONCLUSION

Simply put, in bankruptcy, the validity of a claim turns on whether the claim was brought by a party entitled to enforce it. Where a creditor does not show it has the right to enforce its claim, the claim is properly disallowed. We affirm the order of the District Court.

**AFFIRMED.**

---

[9] We reject Bay United's assertion that this holding invalidates bona fide mortgages. We simply hold that Cloud 9 had no right to file claims to enforce mortgages and notes to which it had no legal connection. The fact that the true owners of the mortgages and notes failed to file claims by the deadline is what makes them unenforceable now.